**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2750
_____

JOSEPH D.S. PHILLIPS, JR.,
Appellant

v.

CITY OF PITTSBURGH; UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; COMMONWEALTH OF PENNSYLVANIA;
RICHARD JAMES, City of Pittsburgh Police Officer
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00400)
District Judge: Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2022

Before: JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed December 16, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Joseph D.S. Phillips, Jr., appeals pro se from the District Court's order dismissing his amended complaint with prejudice. For the reasons that follow, we will affirm.

I.

In March 2022, Phillips submitted to the District Court a pro se civil complaint and an accompanying motion to proceed in forma pauperis. The District Court granted that motion and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court observed that the complaint "is extremely difficult to decipher," (Dist. Ct. docket # 8, at 2), and concluded that it "is unable to discern the contours of [Phillips's] purported [42 U.S.C.] § 1983 claim, or whether he is attempting to assert some other type of claim," (id. at 5). As a result, the District Court dismissed the complaint without prejudice to Phillips's ability to file an amended complaint.

On the day that Phillips's amended complaint was due, he filed a three-page handwritten document titled "Response to Order Document 8." (Dist. Ct. docket # 9.) This new filing named four defendants — the United States Department of Housing and Urban Development ("HUD"), the City of Pittsburgh, a City of Pittsburgh police officer, and the Commonwealth of Pennsylvania. With respect to HUD, Phillips identified his cause of action as "Breach of Duty," listed several statutes and the Commerce Clause, and demanded $23 billion. (See id. at 1.) Regarding the City of Pittsburgh and the Pittsburgh police officer, Phillips identified his causes of action as "Breach of Contract,"

2

"Unjust Enrichment," and "a killing Desisned [sic] to influence the outcome of a court case," and he demanded $30 million. (See id.) As for the Commonwealth, Phillips alleged that it violated the Commerce Clause and committed "[g]ross [n]egligence" and "[c]ivil [e]lder [a]buse"; he did not indicate what relief he was seeking against this defendant. (See id. at 3.) His new filing also alleged that (1) a district judge (not the one who was presiding over this case) "knew that the family from Bay Ark. was cripple mentally retarded refused to protect the Choctaw Indians in violation of Pilgrim Peace Treaty (1621)," (2) the Pittsburgh police officer "filed a case for [t]erroristic [t]hreats on 7/10/09 and was trying to kill the petitioner to the Supreme Court of the United States . . . in violation of the Fair Housing Act," and (3) "the family had put our wepons [sic] down in violation of Geneva Convention relative to the treatment of prisoners of war." (Id. at 2.) The new filing closed by alleging that the Fair Housing Act "did aid [the police officer] to extort money property that the family [e]quity in, they all knew that [the officer] had paied [sic] 500.00 for a comdemed [sic] house and was running a scam put the petitioner to the Supreme Court in [j]ail with malice." (Id. at 3.)

On August 30, 2022, the District Court entered an order construing Phillips's new filing as an amended complaint and dismissing it with prejudice. The District Court concluded that Phillips had failed to state a claim upon which relief may be granted, and that it would be futile to afford him further leave to amend. This timely appeal followed.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise

II.

Phillips's appellate brief, which uses this Court's form designed for pro se litigants, does not include any argument explicitly challenging the District Court's judgment. For example, in the section of the form that asks an appellant to identify what facts, if any, the district court incorrectly decided, Phillips states as follows: "When the Supreme Court is going to hear a case and they murder the petitioner[']s family members and put the petitioner in [j]ail without [b]ail I'm under surveillance[.]" (3d Cir. docket # 6, at 6.) Furthermore, in the section of the form that asks an appellant to identify what law should be applied, Phillips simply lists the following: "Violation of the Fair Housing Act 3631," "U.S[.] Code 242," and "Deer Creek Treaty." (Id. at 5.) And in the section that asks an appellant to identify any other reason why the district court's judgment was wrong, Phillips states that the Pittsburgh police officer "was running a scam on the mentally challenged in violation of [several statutes]." (Id. at 7.)

Even if we assume for the sake of argument that the content of Phillips's brief is sufficient to preserve a challenge to the District Court's dismissal of his amended complaint, see Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotation marks omitted)), there is no reason for us to disturb that judgment.

plenary review over the District Court's dismissal of Phillips's amended complaint. See Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021).

4

Phillips's amended complaint failed to coherently allege any facts that could support a viable cause of action, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (indicating that dismissal of a pleading is appropriate if it fails to allege sufficient facts to state a claim for relief that is "plausible on its face" (citation to quoted case omitted)), and we find no error in the District Court's conclusion that further leave to amend was not warranted, see Talley v. Wetzel, 15 F.4th 275, 285 n.6 (3d Cir. 2021) (noting that leave to amend may be denied if amendment would be futile).

In view of the above, we will affirm the District Court's judgment. Phillips's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). To the extent that he asks us to "upgrade" the military discharge that he received in 1979 and/or grant him any other relief, those requests are also denied, as is his motion to file exhibits.[2]

---

[2] Phillips's brief lists a few docket numbers from civil actions that he brought years ago. Those cases are not properly before us here.